IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. MACALUSO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1604-M |
| | § | |
| MESQUITE POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Michael J. Macaluso, an inmate in the Dallas County Jail, against the Mesquite Police Department and three of its officers. On August 11, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on August 25, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff alleges that he was wrongfully arrested by three Mesquite police officers in the parking lot of a Dallas motel on or about April 3, 2005. While effecting this arrest, the officers discovered a handgun. Plaintiff was subsequently charged with unlawful possession of a firearm by a convicted felon. That case is still pending. Although plaintiff acknowledges that there was an active misdemeanor warrant for his arrest, he maintains that Texas law prohibits the Mesquite police from arresting him in another jurisdiction in the absence of a felony warrant.[2] He also complains that the police confiscated his truck and lost or misplaced certain personal property when they searched his motel room. By this suit, plaintiff seeks the return of his property, the dismissal of all criminal charges, and unspecified money damages.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact.

---

[2] The statute cited by plaintiff, Tex. Code Crim. Proc. Ann. art. 14.01, provides:

> (a) A peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.
>
> (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

TEX. CODE CRIM. PROC. ANN. art. 14.01 (Vernon 2005). Nothing in this statute prohibits a peace officer in one jurisdiction from enforcing a misdemeanor warrant issued by another jurisdiction. Nor is the court aware of any such authority.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The gravamen of plaintiff's complaint is that he was wrongfully arrested without a warrant in violation of Texas law. A party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000). A false arrest claim implicates a criminal prosecution where the charge is based on evidence discovered during the arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Such is the case here. In order to prevail on his claim, plaintiff must show that the police officers lacked probable cause to arrest him. That determination depends, at least in part, on whether the gun seized by the police supplied probable cause for his arrest. Because plaintiff's

wrongful arrest claim necessarily implies the invalidity of the pending gun charge, it is barred by *Heck*. *See Queen v. Purser*, 109 Fed.Appx. 659, 2004 WL 1879999 at *1 (5th Cir. Aug. 24, 2004) (citing cases).

B.

Nor can plaintiff sue for the wrongful confiscation and loss of his property. The intentional deprivation of property is not actionable under section 1983 unless plaintiff can show that state remedies are inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy. *See* TEX. GOV'T CODE ANN. § 500.007 (Vernon 1990); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (inmate has cause of action for conversion under Texas law). Therefore, this claim is without an arguable basis in law.

C.

Finally, to the extent plaintiff seeks an order dismissing the pending criminal case and releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. However, it is clear that plaintiff has not exhausted his state remedies by presenting the factual and legal basis of his claim to the Texas Court of Crminal Appeals. (*See Spears* Quest. #6). Unless and until plaintiff exhausts his state remedies, he cannot seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 1, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE